**UNITED STATES of America, Internal Revenue Service, Plaintiff—Appellee,**

v.

**Mark L. BRYAN, Defendant—Appellant.**

**No. 05–16936.**

United States Court of Appeals, Ninth Circuit.

Submitted Aug. 21, 2006.*

Decided Aug. 31, 2006.

McGregor W. Scott, USSAC—Office of the U.S. Attorney, Sacramento, CA, Robert L. Baker, Esq., G. Patrick Jennings, U.S. Department of Justice, Tax Division, Washington, DC, for Plaintiff—Appellee.

Mark L. Bryan, Lodi, CA, pro se.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before: GOODWIN, REINHARDT, and BEA, Circuit Judges.

MEMORANDUM **

Mark L. Bryan appeals pro se from the district court's summary judgment in an action brought by the United States seeking a declaration that liens filed by Bryan against IRS officers and employees were null and void, and an injunction against similar future filings. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo the district court's grant of summary judgment, *Hughes v. United States,* 953 F.2d 531, 541 (9th Cir.1992), and we review for abuse of discretion the denial of a Fed.R.Civ.P. 60(b) motion, *Pasatiempo by Pasatiempo v. Aizawa,* 103 F.3d 796, 801 (9th Cir.1996). We affirm.

Bryan's sole contention on appeal is that the district court lacked subject matter jurisdiction over the government's action. This contention lacks merit. *See* 26 U.S.C. § 7402(a) (district courts shall have jurisdiction "to render such judgments and decrees as may be necessary or appropriate for the enforcement of the internal revenue laws"). Accordingly, the district court properly declared null and void the liens Bryan placed on various IRS officers following their attempts to collect taxes from him. *See Ryan v. Bilby,* 764 F.2d 1325, 1327 (9th Cir.1985) (holding that "section 7402(a) empowers the district court to void common-law liens imposed by taxpayers on

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

the property of government officials assigned to collect delinquent taxes").

The district court did not abuse its discretion by denying Bryan's Fed.R.Civ.P. 60 motion because it merely reargued issues that the court had already considered and rejected. *See Am. Ironworks & Erectors, Inc. v. N. Am. Constr. Corp.*, 248 F.3d 892, 899 (9th Cir.2001).

We grant the government's motion for sanctions in the amount of $2,000.

**AFFIRMED with sanctions.**